IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,       :

    Plaintiff,              :

  v.                              :       Case No. 2:06-cr-0160

Billy Jack Fitzmorris,          :       JUDGE FROST

    Defendant.              :

DETENTION ORDER

    The above defendant appeared before the Court for a detention hearing on July 12, 2006.  At the conclusion of the hearing, he was ordered detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was indicted in this Court on multiple drug and gun-related charges, including several drug charges which carry a five-year to forty-year term of imprisonment, and two weapons charges under 18 U.S.C. §924(c), which carry mandatory consecutive prison terms upon conviction.  The government's request for detention was based upon the presumption which exists when a defendant is indicted on these types of charges and is evaluated under the following standard.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

>    community if the judicial officer
>    finds that there is probable cause to
>    believe that the person committed an
>    offense for which a maximum term of
>    imprisonment of ten years or more is
>    prescribed in the Controlled Substances
>    Act (21 U.S.C. 801 et seq)...[or] an
>    offense under section 924(c)...of this
>    title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional information was provided by the Pretrial Services Report. Defendant has lived most of his life in Columbus, Ohio, and has family members in this area with whom he has stayed from time to time. However, he has been incarcerated for a substantial period of time in the last ten years. He has had only sporadic employment and has an application for SSI benefits pending. He did not provide any information concerning his health or substance abuse, although his criminal record would indicate some history of substance abuse.

With respect to the defendant's criminal record, after being convicted of several juvenile offenses, he was first convicted as an adult as a result of a guilty plea to a theft offense in 1991. He served a short jail time before being placed on probation. In 1993, he pleaded guilty to receiving stolen property and was

sentenced to two years in jail but ultimately released on shock probation. He then failed to report and his probation was terminated because he was incarcerated on another offense. He has past convictions as well for burglary, an additional count of receiving stolen property, forgery, criminal damaging, possession of criminal tools, obstructing justice (which was a reduced charge from a failure to appear), and some minor traffic offenses. He was serving a parole term which began in 2004 when he allegedly committed the instant offense, and his parole was revoked on two different occasions for violations.

Defendant's counsel argued that, because these charges were first known to authorities in 2005 and because the defendant was released on bond when these charges were filed in state court in January, 2006, he is a good candidate for release. However, the presumption created by the indictment is simply not overcome by the fact that the defendant successfully complied with bond conditions in state court for a period of time. The Court notes that, immediately prior to his arrest on these charges, defendant violated his parole and served a jail term for that violation. In addition, he has numerous prior felony convictions but still possesses firearms and, according to the indictment, also used those firearms in furtherance of drug trafficking crimes. If convicted, he is facing very substantial penalties. There are no other positive factors contained in the Pretrial Services Report which would serve to overcome the presumption of detention. For all of these reasons, the defendant was ordered detained pending further proceedings.

The defendant is advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge